UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONALD F. EVANS, JR.,

    Plaintiff,

v.                                      Case No. 23-C-1690

GILBERT D. STEFFANIDES et al.,

    Defendants.

## DECISION AND ORDER

    Plaintiff Donald Evans, Jr., is representing himself in this 42 U.S.C. §1983 action. On November 1, 2024, Defendants moved for summary judgment. At Evans' request, the Court extended Evans' deadline to respond by sixty days, until January 31, 2025. The Court warned Evans that further extensions were unlikely absent a showing of extraordinary circumstances and informed Evans that if he did not respond by the deadline, the Court would assume all facts asserted by Defendants to be true and would decide the motion without his input. Evans did not respond by the deadline, so on February 10, 2025, the Court granted Defendants' motion after concluding, based on the undisputed facts, that Defendants were entitled to summary judgment. Dkt. No. 54. More than a month later, on March 20, 2025, Evans filed a motion for relief from judgment under Fed. R. Civ. P. 60, a notice of appeal, and a motion to stay the appeal. The Court will deny the motion for relief from judgment because Evans has not demonstrated that he is entitled to the relief, and the Court will deny the motion to stay the appeal because the Court lacks the authority to stay Evans' appeal.

Fed. R. Civ. P. 60(b) allows a court to relieve a party from final judgment based on "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence," or "fraud." Evans asserts that his failure to timely respond to Defendants' motion should be excused because he *did* timely respond, but his mail was wrongfully returned to him. Evans requests that he be allowed an additional twenty-one days to resubmit his response materials, along with a brief explaining why he is entitled to relief from judgment. The Court will deny Evans' motion because his assertions do not add up. Evans does not explain why he did not immediately re-send his response materials once they were allegedly returned to him, why he needs additional time to brief the straightforward basis for his request (*i.e.*, that his mail was wrongfully returned), or why he did not attach to his Rule 60(b) motion the allegedly returned response materials or at least the envelope that contained the allegedly returned response materials. Evans' lack of explanation on these points makes no sense, so he has failed to make the required showing to be entitled to relief under Rule 60(b).

Evans was allowed ninety days to respond to Defendants' summary judgment motion. He did not timely respond, he *still* has not responded, and he has not shown that his failure to respond was due to excusable neglect. Accordingly, the Court will deny his motion for relief from judgment. *See* Fed. R. Civ. P. 62.1.

**IT IS THEREFORE ORDERED** that Evans' motion for relief from judgment (Dkt. No. 56) is **DENIED** and that his motion to stay his appeal (Dkt. No. 58) is **DENIED** because the Court lacks the authority to stay the appeal.

Dated at Green Bay, Wisconsin this 24th day of March, 2025.

William C. Griesbach
United States District Judge